**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIRAN PANDE,

        Plaintiff - Appellee,

   v.

CHEVRONTEXACO CORPORATION
and CHEVRON TEXACO
INTERNATIONAL EXPLORATION &
PRODUCTION, et al.,

        Defendants - Appellants.

No. 08-15855

D.C. No. 3:04-CR-05107-JCS

MEMORANDUM *

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted October 6, 2009
San Francisco, California

Before: FERNANDEZ and THOMAS, Circuit Judges, and ALDRICH,** District
Judge.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The Honorable Ann Aldrich, Senior United States District Judge for
the Northern District of Ohio, sitting by designation.

Chevron appeals the district court's denial of its motion for judgment as a matter of law as to Pande's Fair Employment and Housing Act and to the award of punitive damages. We affirm.

I

A jury found for Pande on her retaliation claims under California's Fair Employment and Housing Act and for violations of California public policy. Because the evidence put before the jury at trial was sufficient to support its finding a causal link between Pande's protected conduct (complaints of employment discrimination) and the adverse employment action (failure to obtain a new position within Chevron after her employment group was relocated), the district court's denial of Chevron's motion for judgment as a matter of law is affirmed.

II

The same jury also awarded Pande punitive damages. Under California law, punitive damages against a corporate employer may not be awarded unless the "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice" is "on the part of an officer, director, or managing agent of the corporation." California Civil Code § 3294(b). Pande must have proved her case to the jury by "clear and convincing evidence." Cal. Civ. Code § 3294(a).

Chevron appeals, arguing that Pande did not introduce sufficient evidence to permit the jury to find, under the clear and convincing evidence standard, that one or more of the relevant actors was a managing agent.

Under California law, a "'managing agent'" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar Inc.*, 21 Cal. 4th 563, 566-67 (1999). Indeed, this is the definition cited and relied upon by Chevron and used, verbatim, in the jury instructions. Whether someone is a "managing agent" is a question of fact and the individual need not occupy any particular "level" or "official title." *White*, 21 Cal. 4th at 571, 573.

Because we find sufficient evidence to support the jury's determination, we affirm for the same reasons stated by the district court in its denial of Chevron's motion for judgment as a matter of law.

**AFFIRMED.**

3

FILED

NOV 20 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Pande v. Chevron, No. 08-15855

FERNANDEZ, Circuit Judge, concurring and dissenting:

I concur with the majority regarding the compensatory damage award, but because I do not think that the evidence in support of the punitive damage award meets California's stringent standards, I respectfully dissent as to that.